VERONICA C. ROSS, BY HER MOTHER AND NEXT FRIEND, LILLIAN ROSS, AND LILLIAN ROSS AND THOMAS ROSS, IN THEIR OWN RIGHT, PLAINTIFFS-RESPONDENTS, v. GRANVILLE J. O'KEEFE, DEFENDANT-APPELLANT, AND THE DELAWARE RIVER JOINT COMMISSION AND FRANK SPEZIALI, DEFENDANTS.

Argued October 16, 1946—Decided February 3, 1947.

For the plaintiffs-respondents, *Starr, Summerill & Lloyd* (*Frank T. Lloyd, Jr.*, of counsel).

For the defendant-appellant, *Granville J. O'Keefe* and *Carroll & Taylor* (*Walter R. Carroll*, of counsel).

PER CURIAM.

The infant respondent, on November 23d, 1944, while lawfully crossing a public highway in the night time, tripped and fell over a damaged directional sign constructed at or near the highway curbline, sustaining personal injuries. The damaged condition of the sign and its resultant dangerous position on the highway was caused, admittedly, by negligence chargeable to appellant occurring on October 3d, 1944. In the period intervening between the damage to the sign and the injury to infant respondent appellant did nothing to cause the sign to be repaired or removed.

From judgments entered upon jury verdict in favor of infant respondent and her parents and against appellant, this appeal is taken.

The appeal is grounded upon refusal of the trial court to grant motions of nonsuit and direction of verdict when thereunto moved by appellant.

Appellant's argument for reversal of the judgments is that his negligence was not the natural and proximate cause of the injuries and losses sustained by respondents; that he owed no duty to infant respondent except to abstain from acts willfully injurious; that the act of negligence was remote from the injury and damage complained of in that fifty-one days elapsed between the two events and hence he may not be held, reasonably, to have foreseen or anticipated the conduct of infant respondent resulting in her injury. Appellant suggests also the duty of a third person to repair or remove the damaged sign, the failure of which is an intervening cause excusing him from liability.

But appellant clearly misconceives the situation.

The obstruction in the public highway was a nuisance created by appellant's admitted negligence. While it remained he was continuously liable for loss or damage attributable thereto. *Garvey* v. *Public Service, &c., Transport,* 115 *N. J. L.* 280, 284; *Christine* v. *Mutual Grocery Co.,* 119 *Id.* 149, 152; *Fredericks* v. *Dover,* 125 *Id.* 288, 290.

The trial court correctly denied the motions for nonsuit and direction of verdict.

The judgments appealed from are affirmed.

*For affirmance*—THE CHANCELLOR, PARKER, BODINE, DONGES, HEHER, PERSKIE, COLIE, WACHENFELD, EASTWOOD, WELLS, RAFFERTY, DILL, FREUND, McGEEHAN, McLEAN, JJ. 15.

*For reversal*—None.